MEMORANDUM OPINION
{¶ 1} The instant appeal is presently before this court for final disposition of the motion to dismiss of appellee, the State of Ohio. As the primary grounds for the motion, appellee contends that this court lacks the requisite jurisdiction to proceed in this matter because the trial court in the underlying case has not rendered a judgment which can be immediately appealed at this time. For the following reasons, we conclude that the motion to dismiss has merit. *Page 2 
 {¶ 2} Appellant, Charles L. Lemons, III, is presently incarcerated in the Trumbull County Jail, awaiting trial on various criminal charges before the Trumbull County Court of Common Pleas. On May 15, 2008, appellant submitted to this court a document that was captioned as an "Appeal." In the body of this document, he maintained that, even though he had been held in the county jail for more than ninety days, appellee and the trial court had not taken the requisite steps to go forward with his trial. Based upon this, appellant further asserted that his statutory right to a speedy trial had been violated, and that the trial court had erred in failing to dismiss the pending charges.
 {¶ 3} As a basic proposition, a trial court's ruling on a motion to dismiss for lack of a speedy trial is not appealable at the time it is issued; rather, such a ruling cannot be appealed until a final judgment has been rendered for the entire case. State v. Deshich (Feb. 2, 2000), 9th Dist. No. 2952-M, 2000 Ohio App. LEXIS 291. In the context of a criminal proceeding, a judgment is not considered "final" and subject to appeal unless, inter alia, it sets forth the final verdict regarding all pending charges and delineates the imposed sentence. Id. The purpose of the foregoing rule is to avoid piecemeal appeals which would impede the efficient administration of the criminal justice system. State v.Edwards (Sept. 18, 1989), 12th Dist. No. CA89-07-103, 1989 Ohio App. LEXIS 3582.
 {¶ 4} In the instant matter, our review of appellant's "appeal" document shows that he has not asserted that the trial court has released a judgment which states both the final verdict on the charges against him and any imposed sentence. Furthermore, it should be noted that appellant has not attached to his document a copy of an alleged final judgment, as is required under Loc. R. 3(D)(3) of this court. Thus, since the trial court has not issued a written judgment which satisfies the requirements for finality in a *Page 3 
criminal proceeding, this court lacks the basic jurisdiction to go forward on the "appeal" which appellant has attempted to bring before us.
 {¶ 5} As a final point, we would note that the first line of the submitted document refers to a motion to dismiss the charges against him. To the extent that appellant was attempting to raise such a "motion" before us for review, this court would emphasize that we do not have the authority to make an independent determination on the merits of the "speedy trial" issue before the trial court has had the opportunity to fully litigate the pending case. Instead, when a proper appeal has been filed, our consideration of that issue will be limited to reviewing the trial court's ruling for the purpose of deciding whether any factual or legal errors have occurred. Again, because a final judgment has not been rendered in the underlying proceeding, the merits of the "speedy trial" issue are not properly before us at this time.
 {¶ 6} Pursuant to the foregoing analysis, appellee's motion to dismiss this matter is granted. It is the order of this court that the instant appeal is hereby dismissed for lack of jurisdiction.
 DIANE V. GRENDELL, P.J., CYNTHIA WESTCOTT RICE, J., concur. *Page 1